IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01047-PSF-PAC

SILVIA DEL CARMEN,

    Plaintiff,

v.

JENNIE PUZIO,

    Defendant.

## ORDER OF DISMISSAL

The complaint filed in this case by *pro se* Plaintiff Silvia del Carmen on June 9,2005, is titled "**Libel of Review** - common law counterclaim in admiralty - Re: God-given unalienable rights in the original estate - Article III; Constitution." On June 13, 2005, this Court issued an order for the plaintiff to show cause within ten days why the Court has subject matter jurisdiction "or alternatively to file an amended complaint so indicating." The plaintiff has filed no response to the Order to Show Cause.

On June 29, 2005, the defendant filed a paper captioned "Motion to Dismiss or, in the Alternative, Motion for More Definite Statement." It asserts that the complaint is "incomprehensible" and fails "to state any cognizable claim against" defendant. Motion at 3. The motion also points out at 2 that the complaint is titled "Libel of Review" and that the complaint's first paragraph asserts defendant is making "false claims." However any such fraud averments must be pled with particularity pursuant to F.R.Civ.P. 9(b), but plaintiff did not do so. Elsewhere on page 2 of the motion

defendant claims that the complaint fails to meet the liberal pleading standards of F.R.Civ.P. 8(a) for asserting any identifiable claim against her. Defendant apparently was unaware of the Court's June 13, 2005 Order to Show Cause as it is not referenced in the motion.

A *pro se* litigant's filings are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet *pro se* litigants are subject to the fundamental requirements of the Federal Rules of Civil Procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Federal Rule of Civil Procedure 12(h)(3), applicable to this plaintiff like any other, states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Federal courts are of limited jurisdiction and they presume no jurisdiction exists absent a showing of proof by the party asserting federal jurisdiction. *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1048 (10th Cir. 2004), *cert. denied*, 2005 WL 854322 (U.S., June 27, 2005). A plaintiff must show that a statutory basis for federal court jurisdiction exists before her case can be heard in federal court. *Tsegay v. Ashcroft*, 386 F.3d 1347, 1353 (10th Cir. 2004).

Here the complaint liberally construed fails to identify any basis for federal jurisdiction even if it states a viable cause of action against the defendant, which defendant contends it does not. A searching review of the complaint reveals no federal question jurisdiction under 28 U.S.C. § 1331 nor diversity of citizenship jurisdiction

under 28 U.S.C. § 1331.  As the plaintiff was given a chance to remedy this ostensible fatal defect, but has failed to respond to the Order to Show Cause to explain the basis of federal jurisdiction underlying the complaint or file a clarifying amended complaint, this action is DISMISSED pursuant to F.R.Civ.P. 12(h)(3) for lack of subject matter jurisdiction.

DATED:  June 30, 2005

BY THE COURT:

s/ Phillip S. Figa
_____
Phillip S. Figa
United States District Judge